**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                    **5:05-CR-322-001 (NAM)**

    **vs.**

**BILLY J. APPLINS,**
**a/k/a Gee, Billy Pringle,**

              **Defendant.**
_____

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

On October 5, 2005, defendant Billy Applins pled guilty to Count 1 of the indictment which charged him with conspiracy to engage in a pattern of racketeering activity as part of his alleged membership in the Elk Block gang, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d). The Court sentenced defendant on May 4, 2007, to a 65 month term of imprisonment, and a Judgment of conviction was entered on May 23, 2007.

On March 27, 2008, the Court granted defendant's motion pursuant to 18 U.S.C. §3582(c), 28 U.S.C. §994(o) and U.S.S.G. § 1B1.10, for a reduction of his sentence in light of the United States Sentencing Commission's amendment to the cocaine base guideline ranges of U.S.S.G. §2D1.1(c). The Court entered an Order and Amended Judgment reducing defendant's sentence to a 53 month term of imprisonment.

Defendant filed a "motion in request the court issue order nunc pro tunc" dated May 29, 2008, requesting the Court order that defendant's federal sentence run concurrently with a sentence imposed by the State of New York on November 29, 2005. To the extent defendant

seeks relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure, his motion is without merit because Rule 36 can "be used only to correct clerical errors in a sentence", *Werber v. United States*, 149 F.3d 172, 176 (2d Cir. 1998) (citing *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995), and there was no clerical error in this case.  Indeed, defendant does not claim otherwise.

To the extent, however, that defendant claims error in the original sentencing proceeding, the Court may have jurisdiction over such a claim under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255 (allowing claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (relief pursuant to Section 2255 is available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in [a] complete miscarriage of justice.'") (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation marks and citations omitted).

Courts regularly convert *pro se* post-conviction motions into Section 2255 motions.  *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002); *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997).  When doing so:

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

2

*Castro v. United States*, 540 U.S. 375, 383 (2003).

The Second Circuit has explained:

In *Adams* we noted that the [Anti-Terrorism and Effective Death Penalty Act of 1996] . . . "places stringent limits on a prisoner's ability to bring a second or successive" § 2255 motion. 155 F.3d at 583. In view of this, we reasoned that if a district court treats a motion filed under some other provision as a § 2255 motion, then the movant's one chance at § 2255 relief would be used up-without the movant's consent and despite the movant's possible ignorance of the consequences. "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id*. With this in mind, we determined that district courts should not convert motions "purportedly made under some other rule" into § 2255 motions unless

> "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."

*Simon v. United States*, 359 F.3d 139, 141 (2d Cir. 2004) (quoting *Adams*, 155 F.3d at 583-84) (internal citations omitted).

In this case, the Court intends to convert the instant motion into a motion pursuant to § 2255 unless, within 30 days of the date of this Memorandum Decision and Order, defendant voluntarily withdraws his motion. If defendant does not wish to withdraw his motion and instead desires to have the Court consider the motion under § 2255, defendant may, within thirty (30) days of the date of this Order, amend and/or supplement his motion.

In determining whether to withdraw, amend, and/or supplement his motion, defendant is advised that, first, generally, a defendant is permitted to file only one § 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new

3

and retroactive rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b). Thus, all potential claims must generally be included in the initial Section 2255 motion.

Second, a § 2255 motion filed after April 24, 1996 is subject to a one year period of limitation which runs from the latest of four specified events laid out in § 2255. *See* 28 U.S.C. § 2255; *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (One of the purposes of the AEDPA was to create a statute of limitations for the ". . . filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). Further, a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003).

Third, the failure to raise an issue on direct appeal may present a procedural bar to raising an issue in a § 2255 motion. *See Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998) ("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.") (citing *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993)); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *but see Massaro v. United States*, 583 U.S. 500, 509 (2003) (a § 2255 ineffective assistance of counsel claim is not barred even if not raised on direct appeal). Further, "a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted 'qualifies as an adjudication on the merits.'" *Villanueva*, 346 F.3d at 60 (quoting *Turner v. Artuz*, 262 F.3d 118, 122-23 (2d Cir. 2001) (per curiam) (emphasis in original). Thus, defendant should advise the Court of a justifiable basis to consider claims that were not raised on direct appeal.

**Accordingly, defendant is granted thirty (30) days to withdraw, amend, and/or supplement the motion. Failure to withdraw the motion within this period of time will result in it being converted to a 28 U.S.C. § 2255 motion without further notice.  Failure to amend and/or supplement the motion within this period of time will result in it being considered based upon the present submissions**. The Government is granted sixty (60) days from the date of this Order to file supplemental papers in opposition to the motion and/or any amendment or supplementation of the motion.

**IT IS SO ORDERED.**

Date:  November 6, 2008

_____
Norman A. Mordue
Chief United States District Court Judge